## ST. LEWIS et al. v. KANSAS CITY, KAN.

### No. 4154.

District Court, D. Kansas, First Division.

March 21, 1940.

Long, Depew, Stanley, Weigand & Hook, of Wichita, Kan., for plaintiff.

T. F. Railsback, of Kansas City, Kan., for the City.

HOPKINS, District Judge.

The action is one to recover legal fees for services admittedly rendered.

Kansas City, Kansas, on November 21, 1933, passed a resolution directing its mayor, Don C. McCombs, and its city attorney, Alton H. Skinner, to make application to the Federal Emergency Administration of Public Works for a grant of money to be used by the city in the construction of a wharf and grain elevator and improvements incident thereto.

The application was duly made, and in May, 1934, the mayor and city attorney orally employed the plaintiff firm of attorneys in Washington to assist them in obtaining the grant.

Thereafter and until the grant was made July 15, 1935, and to some extent after the making of the grant, plaintiffs devoted much of their time and efforts to the defendant city.

No fair-minded person would deny that plaintiffs are entitled to compensation for the services rendered. On the trial of the case, counsel for the city conceded that the city was morally obligated for the services rendered, but contended there was no legal obligation to pay.

It is my opinion that the legal obstacles set up by the city are not insurmountable. In fact, some of the defenses are highly technical in view of the admitted moral obligation.

Defendant first urges the point that diversity of citizenship is lacking. The late Chester I. Long, member of plaintiff firm, was a citizen of Kansas, but by stipulation the parties fixed the extent of Long's interest, and his heirs and surviving partners have waived and relinquished to the extent of Long's interest all claim against defendant city. The fact there has been no

administration of the partnership estates is immaterial, since there is no conveyance of Long's interest involved here, but merely a waiver and relinquishment of the interest.

The city next contends there was no resolution passed or formal act of employment by the governing body. But the city admits there was an informal employment of plaintiffs, and in consequence of such employment plaintiffs rendered the services. The city, with full knowledge on the part of its governing body, accepted and retained the benefits. Any sensible application of the ordinary rules of equity would seem to expose sufficiently the inherently inequitable character of this defense.

Likewise, in my opinion, neither the cash basis nor municipal budget laws of Kansas urged by defendant is a bar to recovery. That portion of the stipulation setting out in laborious detail the method of conducting the city's business is immaterial in this lawsuit.

Neither can that provision of the contract between the city and the P.W.A. whereby the city agreed not to pay any "bonus, fee or commission in order to secure the loan and grant," be construed to defeat plaintiff's claim. Legal duties and obligations cannot be liquidated to the prejudice of the party to whom the obligation is due by the obligor entering into a contract with a third party.

There are other defenses advanced, but I feel the city has an obligation here which it should proceed to discharge.

A more troublesome question is the amount of the allowance.

The parties have stipulated that the services rendered were substantially as stated in a letter written by Roy St. Lewis to the Secretary of the Interior. That letter, twenty-two pages in length, summarized briefly, recites that the plaintiff firm was employed by the mayor and city attorney early in May, 1934; that two members of plaintiff firm immediately conferred with the chairman of the Board of Review of the Public Works Administration; that during the months that followed until the making of the grant in July, 1935, members of plaintiff firm appeared time and again before various divisions of the Public Works Administration, the Secretary and Assistant Secretary of War, engineers of the War Department, and representatives and engineers of the Inland Waterways Corporation, conferred with United States Senators and Congressmen, and counselled and assisted in the preparation of extensive legal, financial, and engineering data, all of which was necessary and essential to the government's consideration of the merits of the proposed improvement. This information and data was also necessary in view of sturdy opposition to the improvement from the citizens within the defendant city itself.

It appears also from this letter and from the record that the grant was at first denied and that the plaintiff firm was instrumental in bringing about a reconsideration and the eventual making of the grant.

It is not an extravagant statement, in my opinion, to say the services of the plaintiff firm were of such a nature that they constituted the influencing factor in the procurement of the grant.

The plaintiff Roy St. Lewis, on December 15, 1936, presented the claim to the Board of City Commissioners at a regular session of the board, at which time the city attorney was asked for his opinion. The city attorney stated he considered the claim to be legal and added "that 252 man days were put in on the work by plaintiffs plus the work of stenographers and that the work was necessary and essential."

The parties differ as to the terms of the oral agreement in relation to the fee. Plaintiffs contend the sum of $25,000 was agreed upon if the grant was obtained, and if a grant was not made there would be no fee. The agents of the city contend the agreement was for a fee not to exceed $25,-000 and conditioned upon the making of the grant.

It is the view of the court that plaintiffs are entitled to reasonable compensation for services rendered, and that the sum of $20,000 is a fair and just allowance.

The parties may prepare and submit proper findings and conclusions in conformity with the views herein expressed, also journal entry of judgment.